# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MICHAEL VICTORIA,

    Plaintiff,

v.                                                    Case No. 5:24-cv-358-TJC-PRL

SHANNON D. WITHERS, et al.,

    Defendants.

## ORDER

    Plaintiff Michael Victoria, an inmate of the federal penal system, is proceeding in this action on a pro se amended complaint (Doc. 16) for the violation of his civil rights filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his Complaint, Plaintiff sues fourteen officers and staff at Coleman USP – I in their individual capacities. Doc. 16 at 3–8. As grounds for his Complaint, Plaintiff asserts violations of his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 4.

    Plaintiff's Complaint is currently before the Court for screening pursuant to the Prison Litigation Reform Act (PLRA), which directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Dismissals under 28 U.S.C. § 1915A(b) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts do not state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the complaint, the Court accepts as true all facts as alleged, see Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015), and liberally construes a pro se plaintiff's allegations see Haines v. Kerner, 404 U.S. 519 (1972).

### I. Plaintiff's Complaint

While not a model of clarity, as Plaintiff has largely failed to comply with Federal Rules of Civil Procedure 8 and 10 in drafting his complaint, Plaintiff asserts the following claims which he contends all constitute violations of his Eighth Amendment right to be free from cruel and unusual punishment: (1) Officer Barron violated Plaintiff's right to safety with his hateful comments to Plaintiff outside of the lieutenant's office on April 2, 2024, (2) SIS Kincade violated Plaintiff's right to confidentiality by discussing Plaintiff's criminal case with Officer Lester and saying hurtful and disrespectful things to Plaintiff

2

outside of the lieutenant's office on April 2, 2024, (3) Officer Lester violated Plaintiff's rights by being hateful towards Plaintiff for being homosexual and calling Plaintiff a snitch due to what SIS Kincade revealed about his case, (4) Officer Gross violated Plaintiff's rights by being disrespectful and telling the correctional officers to "discomfort" Plaintiff's housing, (5) Officer Rosado violated Plaintiff's right to safety by threatening Plaintiff, (6) Officer Seabass violated Plaintiff's rights "by speaking of [Plaintiff's] body in sexual acts," (7) Officer Barry violated Plaintiff's right to safety by making threats and forcing Plaintiff to be on the top bunk and not allowing him what he is "entitled" to when entering the Special Housing Unit, (8) Officer Lester violated Plaintiff's rights by using Plaintiff as a "ragdoll" and threatening his life, (9) Officer Guadalupe violated Plaintiff's "rights as a human threatening to kill [Plaintiff] plus allowing [him] to be humil[i]ated by his coworker," (10) Officer Oliver violated Plaintiff's right to safety by not escalating Plaintiff's problems to higher ranking staff members, (11) Psychology staff member Carbonell violated Plaintiff's right to confidentiality by "spreading [Plaintiff's] personal issue loudly in B-Range in the SHU," (12) Officer Lester violated Plaintiff's Eighth Amendment right by going to his cell door at 7:00 am and flipping his lights on and off and calling Plaintiff names and saying hateful words. Doc. 16 at 13–14.

3

## II. Discussion

### A. Plaintiff's Bivens Claim

In order to state a Bivens claim against a federal official in their individual capacity, a plaintiff must allege that: (1) a federal official acting under color of federal law; (2) deprived him of a right secured by the United States Constitution. Bivens, 403 U.S. at 388.

Specifically, in Bivens, the Supreme Court inferred a private cause of action for damages against federal officials for Fourth Amendment claims challenging, inter alia, FBI agents' alleged unlawful seizure and use of unreasonable force. Id. at 397. The Court later extended that remedy in two other contexts: (1) a Fifth Amendment Due Process Clause claim alleging gender discrimination after a Congressman fired his female secretary, Davis v. Passman, 442 U.S. 228 (1979); and (2) the Eighth Amendment's prohibition against cruel and unusual punishment where prison officials fatally failed to treat an inmate's asthma, Carlson v. Green, 446 U.S. 14 (1980).

Since those cases, however, the Supreme Court has made clear that lower courts should exercise caution in expanding Bivens into a new context—that is a context different than presented in Bivens, Davis, or Carlson—characterizing it as a "disfavored judicial activity." Egbert v. Boule, 596 U.S. 482, 491 (2022); Ziglar v. Abbasi, 582 U.S. 120 (2017). The "new-context inquiry is easily satisfied," Ziglar, 582 U.S. at 147–49, and even the smallest differences between

4

a claim and the previously recognized Bivens claims can constitute a new context. See Egbert, 596 U.S at 495 (stating that even if a case presents almost "parallel circumstances" and the claims are similar, such "superficial similarities are not enough to support the judicial creation of a cause of action") (quotations and citations omitted); see also Hernandez v. Mesa, 589 U.S. 93, 102 (2020) (stating that a new context is "broad").

Therefore, in determining whether a claim is cognizable under Bivens, courts now perform a two-step analysis. Egbert, 596 U.S at 495. First, courts "ask whether the case presents a new Bivens context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." Id. (cleaned up). Second, if a claim presents a new context, then "a Bivens remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Id. (quoting Ziglar, 582 U.S. at 136).

Here, Plaintiff argues that Defendants violated his Eighth Amendment right for various hateful, humiliating, and threatening acts. Doc. 16 at 13–14. At the first step of the analysis, Plaintiff's claim constitutes a new Bivens context. To be sure, Plaintiff has not alleged a violation of any constitutional right implicated in either Bivens, Davis, or Carlson, and the facts as alleged in

5

the Complaint are meaningfully different from the facts of these three cases in which the Supreme Court has previously recognized a Bivens remedy.

Additionally, at the second step, consideration of special factors counsels hesitation to recognize a new Bivens remedy in this circumstance. One such special factor is the existence of an alternative remedial structure to remedy the harm Plaintiff has alleged. "[I]f Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure" to address a plaintiff's allegations, an additional Bivens remedy is not needed. Egbert, 596 U.S. at 493. "In other words, if there is any alternative, existing process for protecting the injured party's interest, the purpose of creating Bivens actions has already been realized by another means." Johnson v. Terry, 119 F.4th 840, 859 (11th Cir. 2024) (quotations and citations omitted).

In this case, Plaintiff has the BOP's administrative remedy program as an alternative remedy, and "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a Bivens remedy." Egbert, 596 U.S. at 498. Importantly, "[t]he only consideration is whether there is a remedial process in place that is intended to redress the kind of harm faced by those like the plaintiff[,]" not whether it adequately does so. Johnson, 119 F.4th at 860.  As noted by the Eleventh Circuit,

6

> Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure in the form of a grievance procedure for use by federal inmates. And it is in place. That by itself is 'a single reason to pause before applying Bivens' in [a] new context[.]

Id. at 862.

Accordingly, the Court finds that Bivens does not extend to the facts of this case, and Plaintiff, therefore, does not have a cause of action against Defendants. Thus, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, although a plaintiff should usually be given leave to amend his Complaint, a court need not do so if the amendment would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.  Here, because a cognizable claim under Bivens is not possible based upon these facts, any amendment to the Complaint would be futile and Plaintiff's Complaint will be dismissed with prejudice.

**ORDERED**:

1. The Complaint (Doc. 16) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

7

2. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

OCAP-1
c:
Michael Victoria, #12673-078